IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA W. DANIEL, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:04-CV-2123-P |
| v. | § § | |
| DALLAS COUNTY HOSPITAL DISTRICT d/b/a PARKLAND HEALTH and HOSPITAL SYSTEM, | § § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant Parkland Health and Hospital System's Motion for Final Summary Judgment, filed October 3, 2005. Plaintiff filed a Response on October 24, 2005, and Defendant submitted a Reply on November 15, 2005. After careful consideration of the parties' briefing, the evidence, and the applicable law, the Court hereby GRANTS Defendant's Motion for Summary Judgment.

**I.   Background**

Plaintiff Patricia Daniel ("Plaintiff"), a female over the age of 50, was formerly employed by Defendant Parkland Health and Hospital System ("Defendant"or "Parkland"). Plaintiff began her employment with Defendant in 1984. She received several promotions during her tenure, eventually obtaining the position of Director of Patient Admissions/Registration in 1999. In September of 2003, Defendant instituted a reduction in force in order to cut costs, and Plaintiff was notified that her position would be eliminated. Several of the director-level positions,

including Plaintiff's, were consolidated into one position designated Director of Patient Financial Services. Plaintiff and two other internal candidates were considered for the new position. The interviews were conducted, in part, by Albert De La Cruz ("De La Cruz"), Plaintiff's former supervisor. At the conclusion of the interviews, Defendant selected Rhonda Johnson ("Johnson"), formerly Director of Patient Billing & Collections/Revenue Strategy, to fill the new position. Plaintiff's employment officially ended on October 3, 2003.

Plaintiff alleges that she was not selected for the new director position because of her age. Johnson was 32 years old at the time of her hiring, while Plaintiff was 53. Plaintiff claims she was clearly more qualified than Johnson, having worked for Defendant for over 19 years compared to Johnson's service of less than 5 years. Furthermore, Plaintiff possesses a Bachelor's degree and a Masters degree, while Johnson does not even have a Bachelor's degree.

After Plaintiff was notified that she would be discharged, she reported incidents of sexual harassment to Dr. Anderson, president of Parkland. Plaintiff alleged that since De La Cruz was hired by Defendant in 1999, he continuously engaged in improper sexual behavior that created a hostile work environment. Plaintiff claims that, among other things, she was pressured by De La Cruz to attend happy hours and after work social events, and that she was subjected to inappropriate sexual comments and dirty jokes. Plaintiff avers that such behavior unreasonably interfered with her work and was so pervasive that it affected the conditions of her employment.

On June 28, 2004, Plaintiff filed a charge of discrimination with the EEOC, alleging discrimination based on age and sex. On September 30, 2004, Plaintiff filed the instant lawsuit, bringing claims for: (1) age discrimination in violation of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and (2) hostile work environment due to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Defendant filed the present motion for summary judgment, arguing that Plaintiff has no evidence that would show age was a determining factor in the decision not to hire her and De La Garza's actions, even if assumed to be true, do not rise to the level of sexual harassment.

## II. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Celotex*, 477 U.S. at 323.

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless she provides specific facts that show the case presents a genuine issue of material fact, such that a

reasonable jury might return a verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Id.* at 248-50; *Abbott v. Equity Group*, 2 F.3d 613, 619 (5th Cir. 1993). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to her case, and on which she bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Finally, the Court has no duty to search the record for triable issues. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Id.* A party may not rely upon "unsubstantiated assertions" as competent summary judgment evidence. *Id.*

### III.   Age Discrimination

A plaintiff bringing a claim under the ADEA may be able to establish discrimination through direct or circumstantial evidence, or both. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002). Absent direct evidence of discriminatory intent, as is typically the case, circumstantial evidence is assembled using the framework laid out in the seminal case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). While the *McDonnell Douglas* analysis was originally applied to Title VII discrimination cases, the same burden-shifting framework is equally applicable to claims brought under the ADEA. *Id.*; *see O'Conner v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311 (1996).

Under the *McDonnell Douglas* framework, Plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. The prima facie case, once established, raises a presumption of discrimination which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for the adverse employment decision. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001). This burden on the employer is only one of production, not persuasion, involving no credibility assessments. *Russell*, 235 F.3d at 222. If the employer carries its burden, the mandatory inference of discrimination created by the prima facie case disappears. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). In order to survive summary judgment, a plaintiff must then raise a genuine issue of material fact as to whether the employer's proffered reason was merely a pretext for discrimination. *See id.*; *Sandstad*, 309 F.3d at 897. Plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justifications are false, may show pretext and permit the trier of fact to find the employer unlawfully discriminated. *Id.* at 351; *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000).

To demonstrate a prima facie case of age discrimination in a reduction in force situation, Plaintiff must show (1) that she is within the protected age group, (2) she was adversely affected by the employer's decision, (3) she was qualified to assume another position at the time of the discharge, and (4) that there is evidence from which a reasonable fact-finder might conclude that the employer intended to discriminate or did not treat age as a neutral factor. *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 149-50 (5th Cir. 1996); *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812 (5th Cir. 1991). Plaintiff easily meets the elements of a prima

facie case. She was 53 years old at the time she was discharged and not hired for the new position, and Defendant admits that Plaintiff was qualified for the newly created position. Plaintiff has put forth evidence that a younger, and allegedly less qualified person was treated more favorably, such that a reasonable fact-finder might conclude that age was not a neutral factor. "To establish a prima facie case, a plaintiff need only make a very minimal showing." *Thornbrough v. Comlumbus & Greenville R.R. Co.*, 760 F.2d 633, 639 (5th Cir. 1985); *see also Amburgey*, 936 F.2d at 812 ("[A] prima facie case is fairly easily made out."). Plaintiff has adduced the minimal evidence needed to set forth a prima facie case.

Once the prima facie case is met, the burden of production shifts to the employer to establish a legitimate, non-discriminatory reason for the adverse employment action. An employer can meet this burden by proffering admissible evidence that would be legally sufficient to justify their decision. The employer's stated reason does not have to be credible, only legitimate and non-discriminatory. *See Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). Defendant states that Plaintiff was discharged because of a company-wide reduction in force, and she was not hired for the new director position because she was not the most qualified candidate. The Fifth Circuit has stated that a reduction in force is presumptively a legitimate and non-discriminatory reason for discharge. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996). Furthermore, a hiring decision based on an assessment of qualifications will almost always qualify as a legitimate, non-discriminatory reason. *See Scales v. Slater*, 181 F.3d 703, 712 (5th Cir. 1999) Thus, Defendant has met its burden and the impetus once again shifts to Plaintiff.

In the third stage of the analysis, Plaintiff is given the opportunity to prove that the defendant's proffered reason is merely a pretext for intentional discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08 (1993). To prevent summary judgment, the plaintiff must establish pretext by showing that "discrimination lay at the heart of the employer's decision." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). In short, the question at the pretext stage is whether a rational trier of fact could find that Defendant discriminated against Plaintiff on the basis of age. The ultimate burden of persuading the trier of fact that a defendant intentionally discriminated at all times remains with the plaintiff. *Reeves*, 530 U.S. at 143.

As evidence of pretext, Plaintiff points out the alleged disparities in qualifications between Johnson and herself, and argues pretext can be shown because she was clearly more qualified for the position. The Fifth Circuit has repeatedly stated that, to establish pretext by showing that a clearly more qualified candidate was not selected, the qualifications of the losing candidate must "leap from the record and cry out to all who would listen that [s]he was vastly-or even clearly-more qualified for the subject job." *Price*, 283 F.3d at 723 (citing *Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993)). "[U]nless disparities in [qualifications] are so apparent as to literally jump off the page and slap us in the face, we judges should be reluctant to substitute our views for those individuals charged with evaluation duty by virtue of their years of experience and expertise in the field in question." *EEOC v. La. Office of Cmty. Servs.* 47 F.3d 1438, 1445 (5th Cir. 1995).

Plaintiff fails to persuade the Court that she was clearly more qualified than Johnson. Much of Plaintiff's argument is devoted to her own qualifications. But unlike the ordinary

discharge case, the termination of a well qualified older employee in a reduction in force situation is not inherently suspicious. *Thompson v. Origin Tech. In Bus., Inc.*, No. 3:99-CV-2077-L, 2001 WL 1018748, at *7 (N.D. Tex. Aug. 20, 2001). Consequently, the relevant inquiry is not whether Plaintiff was qualified for the new position, but whether she was so clearly more qualified than Johnson to raise suspicion of discriminatory motive. In such cases, "[m]ore evidence, such as comparative work performance, is needed." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir. 1996).

Plaintiff's primary contention in her attempt to show pretext is that Johnson did not meet the minimum hiring requirements to even apply for the position. The job description for Director of Patient Financial Services stated that candidates "must have a Bachelor's degree in Business Administration, Healthcare Administration or a related field, plus ten years of related experience in a hospital, financial institution or related organization to include four years of supervisory experience. Masters degree preferred." (App. Pl.'s Resp. at 71.) Johnson did not have a Bachelor's degree, and thus was not technically qualified for the position. However, this argument lacks merit, as Defendant has provided evidence that exceptions were regularly made to the degree requirement.[1] The evidence does not indicate that either candidate was "clearly more qualified" than the other. Both Plaintiff and Johnson were in Director positions at Parkland, making over $100,000 per year. Despite Johnson's alleged inferior qualifications and minimal experience with Parkland, her annual salary was only $2,000 less than Plaintiff's. Plaintiff argues

---

[1] Furthermore, it appears to the Court that Plaintiff's own qualifications did not strictly adhere to the posted requirements. In deposition testimony, Plaintiff stated that her degree was in Social Services and Rehabilitation, which falls under the Criminal Justice department. Strictly speaking, this degree does not seem to be a degree in "Business Administration, Healthcare Administration or a related field."

that, on paper, Johnson was not qualified for the position. However, she fails to provide any evidence that Johnson's actual performance was inferior, or that she was actually unqualified for the new Director position. Rather, the evidence before the Court tends to show that Johnson, despite the lack of a bachelor's degree, had rapidly advanced in her short time at Parkland and was more than qualified for the new position. The fact that Plaintiff had been at Parkland for 19 years, compared to less than 5 for Johnson, is not determinative. "[G]reater experience alone will not suffice to raise a fact question as to whether one person is clearly more qualified than another." *Nichols*, 81 F.3d at 42. Plaintiff does not refute that Johnson had 72 hours of college credit in business administration and finance, and that Johnson had a total of 14 years experience in health care finance. Nor does Plaintiff refute that Defendant considered Johnson to have a wider range of experience than Plaintiff in the areas Parkland considered important for the new position. In sum, Plaintiff cannot show she was clearly more qualified than Johnson. Plaintiff has not presented evidence that raises a fact issue, thus summary judgment is proper on her age discrimination claim.

**IV.  Sexual Harassment**

In her complaint, Plaintiff alleges sexual harassment in violation of Title VII. But to bring a claim under Title VII, a potential plaintiff must first exhaust administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). The first step in exhausting administrative remedies is filing a charge of discrimination with the EEOC. *Id.*; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). The discrimination claim eventually brought in court is limited to the "scope of the EEOC investigation that could

reasonably be expected to grow out of the initial charges of discrimination." *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).

Plaintiff filed her EEOC charge prior to bringing suit, checking the boxes for discrimination based on age and sex. The charge, however, does not contain any mention of sexual harassment or a hostile working environment. Nor does it recount even a single event that could reasonably be construed as such. The EEOC charge solely addresses her termination and failure to be selected for the new director position. Even if Plaintiff's charge had alleged facts that somehow could be viewed as sex-based discrimination, more specificity is needed to for claims of sexual harassment. *Vincent v. Coates*, No. 3:02-CV-1977-N, 2004 WL 1787838, at *2 (N.D. Tex. July 2, 2004) (Godbey, J.) ("[A]llegations of sexual discrimination detailed in an EEOC charge are insufficient to satisfy the exhaustion requirement of a Title VII suit for sexual harassment."); *see also Sabrah v. Lucent Tech., Inc.*, No. 3:96-CV-2827-D, 1998 WL 792503, at *2 n.3 (N.D. Tex. Nov. 6, 1998) (Fitzwater, J.) ("[Plaintiff]'s EEOC charges, which include complaints only about discrimination, are not sufficiently broad to encompass harassment claims."). As it is, the allegations made by Plaintiff in her EEOC charge do not even hint of sexual harassment or a hostile working environment. There is absolutely nothing that would have reasonably led to an EEOC investigation. Thus, Plaintiff's claim of sexual harassment in a hostile work environment is barred. *Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (finding that district court abused its discretion by permitting plaintiff to proceed on Title VII claim that was not included in EEOC charge).

Assuming, *arguendo*, that Plaintiff could show exhaustion of administrative remedies,

her allegations do not rise to the level of sexual harassment. The prima facie case of sexual harassment by a supervisor is established by showing that Plaintiff (1) belongs to a protected class, (2) was subjected to unwelcome sexual harassment, (3) the harassment was based on sex, and (4) the harassment affected a term, condition, or privilege of employment. *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). Assuming the first three elements can be met, Plaintiff's allegations are not substantial enough to satisfy the fourth element. Taking Plaintiff's allegations as true, the sexual harassment and hostile work environment are based on the following incidents:

> (a) De La Cruz repeatedly pressured Plaintiff to join her co-workers in attending after work social events where alcohol was served,
>
> (b) De La Cruz told dirty jokes in her presence,
>
> (c) De La Cruz stated that his brother "would rather drag his balls over broken glass" than piss off people like her, and
>
> (d) after seeing a woman in a short skirt, De La Cruz stated that the hospital should institute a policy requiring women to wear short skirts as a work uniform.

(App. Pl.'s Resp. at 2-3.)

"For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (internal quotations omitted). To find sexual harassment, the Court must look to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employees work performance." *Harris v. Forklift*

*Sys.*, 510 U.S. 17, 23 (1993). The Supreme Court has repeatedly held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Plaintiff's allegations simply do not amount to sexual harassment under Title VII. While the comments of De La Cruz may have been offensive or inappropriate, the jurisprudence in this area mandates a higher standard. To maintain a Title VII action, the harassment must be "severe or pervasive enough to create an objectively hostile or abusive work environment." *DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 594 (5th Cir. 1995). Viewing the evidence on the whole, the Court finds that Plaintiff falls well short of alleging an objectively hostile work environment such that the terms of her employment were altered. Thus, summary judgment is proper on her sexual harassment claim.

## V.    Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby GRANTED as to all of Plaintiff's claims.

**IT IS SO ORDERED.**

Signed this 1st day of February 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE